Citation Nr: 1554490 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 10-11 116 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to service connection for bilateral hearing loss disability.


REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

K. Haddock, Counsel 


INTRODUCTION

The Veteran had active air service from September 1962 to September 1966. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a July 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia. In connection with this appeal, the Veteran testified at a hearing before the undersigned Veterans Law Judge at the RO in October 2014. A transcript of that hearing has been associated with the claims file. 

This case was previously before the Board in December 2014, at which time the issue currently on appeal was remanded for additional development. The case has now been returned to the Board for further appellate action. 


FINDING OF FACT

Bilateral hearing loss disability is etiologically related to acoustic trauma sustained in active service.


CONCLUSION OF LAW

Bilateral hearing loss was incurred in active service. 38 U.S.C.A. §§ 1110, 1131, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.385 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

Legal Criteria

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (2015). For the purpose of applying the laws administered by VA, impaired hearing will be considered a disability when the auditory threshold for any of the frequencies of 500, 1000, 2000, 3000 and 4000 Hertz is 40 decibels or greater; the auditory thresholds for at least three of these frequencies are 26 decibels or greater; or speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385 (2015).

When there is an approximate balance of positive and negative evidence on an issue material to a determination, VA resolves reasonable doubt in favor of the claimant. 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. § 3.102 (2015); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996). 

Analysis

The Veteran asserts that he has bilateral hearing loss disability as a result of noise exposure sustained in active service. He believes that, in the course of his duties as a clerk/typist, he was assigned to the air defense command and worked with computers. He reports that the computers of that time were very large, ran all day, and due to their size and constant usage were extremely noisy. He also reports that he was exposed to small arms fire during weapons training conducted on the range. He maintains that he was not provided hearing protection in either environment.

As noted in the December 2014 Remand, the Board found the Veteran's reports of in-service acoustic trauma to be competent and credible. Therefore, the Board again concedes the Veteran's exposure to acoustic trauma during active service. 

The Veteran's service treatment records (STRs) are silent for treatment for, or complaints of, hearing problems while he was in active service. Further, he did not have hearing loss for VA purposes at any time during his active service. Regardless, the Veteran asserts that he first experienced symptoms of decreased hearing acuity while he was in active service and that those symptoms have continued since service. Heuer v. Brown, 7 Vet. App. 379 (1995); Falzone v. Brown, 8 Vet. App. 398 (1995); Caldwell v. Derwinski, 1 Vet. App. 466 (1991). Also, the Board finds the Veteran to be credible. 
In August 2007, the Veteran was seen at the VA Medical Center for an audiology consultation. At that time he reported experiencing bilateral hearing loss disability and reported noise exposure in the form of firearms and aircrafts. The Veteran was diagnosed with bilateral sensorineural hearing loss at that time, and, while audiometric testing results are not of record, his speech discrimination scores at that time were consistent with a diagnosis of bilateral hearing loss disability for VA purposes. See 38 C.F.R. § 3.385 (2015). 

In a November 2014 treatment note from the Veteran's private Ear, Nose, and Throat physician (ENT), it was noted that the Veteran had severe sensorineural hearing loss in both ears with relatively poor speech discrimination. The examiner opined that the exact cause of the hearing loss was uncertain and might be due to multiple factors, but that it was possible that the Veteran's in-service noise exposure in the 1960's may have caused the severe hearing loss. 

In a January 2015 addendum opinion, the Veteran's private ENT opined that it was more likely than not that the Veteran's hearing loss was related to ear damage resulting from noise exposure during active service. In this regard, the Veteran's private ENT noted that the Veteran did not have noise exposure subsequent to his separation from active service that would have caused such ear damage.

The Board finds that the November 2014 and January 2015 private opinions are adequate, when read in conjunction with one another, because the examiner thoroughly discussed the relevant evidence, considered the contentions of the Veteran, and provided a supporting rationale for the conclusion reached. Barr v. Nicholson, 21 Vet. App. 303 (2007); Stefl v. Nicholson, 21 Vet. App. 120 (2007); Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

At a September 2015 VA audiology evaluation, it appears that the Veteran reported the noise exposure described above. The Veteran was shown to have audiometric findings consistent with a diagnosis of bilateral hearing loss disability for VA purposes. See 38 C.F.R. § 3.385 (2015). The examiner opined that it was less likely as not that the Veteran's bilateral hearing loss disability was a result of an event in active service. In this regard, the examiner noted that, based on the objective evidence of record (audiograms), there was no evidence on which to conclude that the Veteran's current hearing loss was caused by noise exposure sustained in active service as the Veteran had normal hearing at the time of his August 1966 separation examination and as there were no significant threshold shifts beyond normal test/re-test variability of the reference examination (1962 entrance examination). The examiner therefore found that there was no evidence of hearing loss or acoustic trauma during active service. Further, the examiner cited to a 2006 report by the Institute of Medicine (IOM) in which it was stated that there was an insufficient scientific basis to conclude that permanent hearing loss directly attributable to noise exposure would develop long after noise exposure. The IOM panel concluded that, based on their current understanding of auditory physiology, a prolonged delay in the onset of noise-induced hearing loss was "unlikely" and that there was not sufficient evidence from longitudinal studies in laboratory animals or humans to determine whether permanent noise-induced hearing loss could develop much later in one's lifetime, long after the cessation of that noise exposure. However, the IOM panel admitted that the theory was based on the anatomical and physiological data available on the recovery process following noise exposure as definitive studies to address the issue had not been performed. The examiner further noted that, while the Veteran reported in-service noise exposure and denied noise exposure subsequent to his separation from active service, it was unlikely that the noise exposure reported by the Veteran to have occurred in service was at a hazardous level as his hearing was normal at separation. 

The Board finds that the September 2015 VA medical opinion is not adequate for adjudication purposes. The examiner failed to consider the Veteran's competent and credible statements indicating that he first experienced symptoms of hearing loss during active service. In fact, the examiner clearly indicated that there was a reliance on objective evidence only. Further, the fact that the Veteran had normal hearing at separation is not fatal to a claim of entitlement to service connection for hearing loss. Additionally, the examiner acknowledged the Veteran's lack of post-service noise exposure, yet failed to account for it when forming the opinion. Finally, the examiner cited to the IOM report which actually admitted to the fact that definitive studies on the question of delayed onset noise induced hearing loss had not actually been conducted. As the September 2015 VA medical opinion is not adequate, it cannot serve as the basis of a denial of entitlement to service connection. 

In sum, the Board concedes that the Veteran had noise exposure in active service. The VA medical opinion of record is not competent evidence against the claim for service connection for bilateral hearing loss, as it does not consider all the pertinent facts and does not provide a complete, thorough, and detailed rationale supporting the conclusion reached. The Veteran's private ENT has opined that the Veteran's current bilateral hearing loss disability is related to noise exposure sustained in active service and that opinion is the most probative evidence of record. Further, the Veteran has competently and credibly reported a decrease in hearing acuity during service and has credibly asserted a continuity of relevant symptomatology since service. In addition, he has current diagnoses of hearing loss in both ears that constitutes a disability for VA purposes. See 38 C.F.R. § 3.385 (2015). Accordingly, the Board finds that the preponderance of the evidence is for the claim and that entitlement to service connection for bilateral hearing loss disability is warranted. 38 U.S.C.A. § 5107(b) (West 2014); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to service connection for bilateral hearing loss disability is granted.



____________________________________________
THERESA M. CATINO
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs